UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; FOURTEENTH HOUR MUSIC INC.; COTILLION MUSIC, INC. d/b/a PRONTO MUSIC; HOUSE OF CASH, INC.; RICK'S MUSIC, INC.; RED SEA SONGS; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; SONGS OF UNIVERSAL, INC.; KINGS ROAD MUSIC; PAUL SIMON MUSIC; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; PAINTED DESERT MUSIC CORPORATION,,<br><br>    Plaintiffs,<br><br>    v.<br><br>RHONDA ROSE ROASCIO, individually and d/b/a MOM & POP'S SALOON,<br><br>    Defendants.<br>_____/ | No. C 12-04740 LB<br><br>**ORDER TO PROVIDE SUPPLEMENTAL BRIEFING** |

Plaintiff Broadcast Music Inc. ("BMI"), and the ten other Plaintiffs (the "Copyright Owners"), sued Rhonda Roascio individually and doing business as Mom & Pop's Saloon (together, "Ms. Roascio") for copyright infringement. Compl., ECF No. 1.[1] Plaintiffs allege that Ms. Roascio

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-04740 LB
ORDER

infringed the Copyright Owners' rights in ten musical compositions by performing the songs in Mom and Pop's Saloon. *Id.* ¶¶ 20, 23. Mr. Roascio has not answered or appeared and Plaintiffs have moved for default judgment. *See* Motion for Default Judgment ("Motion"), ECF No. 15; *see generally* Docket.

In order to evaluate Plaintiffs' motion for Default Judgment, the court must consider the merits of Plaintiffs' substantive claims. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiffs claim that BMI is a nonexclusive licensee of the Copyright Owners. *See* Wolfe Decl., ECF No. 15-4 ¶ 2. The court appreciates that courts have granted default judgment when a non-exclusive licensee such as BMI joins with a plaintiff who owns the copyright for the music compilation at issue. *See, e.g., Broadcast Music, Inc. v. Kiflit*, No. 12-CV-00856-LHK, 2012 WL 471852 (N.D. Cal. Oct. 2, 2012). Probably there is some delineated exclusivity over the licensing of the public performance rights, and maybe the allegation about that in the complaint is sufficient when BMI includes the owners in the lawsuit. Still, to the extent that it raises an issue about standing, the undersigned would appreciate it if BMI would file a short (one to two page) informal letter brief on the issue no later than Wednesday, June 26, 2013, at noon. It does not have to be that detailed.

**IT IS SO ORDERED.**

Dated: June 25, 2013

LAUREL BEELER
United States Magistrate Judge

C 12-04740 LB
ORDER            2